IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LAURA LEE JOHNSON, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE <br><br><br> Case No. 1:06-CR-75 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the Motion without prejudice.

I. BACKGROUND

On August 30, 2006, Defendant Laura Lee Johnson was charged with possession of methamphetamine with intent to distribute. On July 26, 2007, Defendant was sentenced to 76 months custody to be followed by 60 months of supervised release. Defendant began her term of supervision on March 26, 2012. She now seeks to terminate her supervision.

1

## II. DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is warranted by the conduct of an offender and is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Reviewing these factors, the Court finds that early termination is not warranted at this time. Defendant represents in her Motion, and contact with her supervising officer confirms, that she has been compliant with all terms of her supervised released and has had no violations. She has submitted to random drug tests with negative results, has maintained consistent employment/schooling, and has satisfied all of her financial obligations. The Court commends Defendant's success to this point. However, the Court is concerned that Defendant has only been on supervision for a little more than one year of her five year term. While Defendant has done well on supervision, the Court believes that further supervision will be beneficial. Therefore, the Court will deny Defendant's Motion at this time, but will permit Defendant to re-file her Motion after she has successfully completed at least two years of supervision.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 46) is DENIED WITHOUT PREJUDICE.

DATED   June 12, 2013.

                      BY THE COURT:

                      _____
                      TED STEWART
                      United States District Judge